### DADE COUNTY v. ABBAT, et al.

No. 68-11218.

Circuit Court, Dade County.

November 6, 1969.

John R. Farrell, Assistant County Attorney, for the petitioner.

JAMES LAWRENCE KING, Circuit Judge.

*Order of apportionment:* This cause came before the court on a petition for apportionment filed by the defendants Buhlers and the Jupiter Corporation and by the defendant fee-owners as to parcel nos. 1-19, 2-19, 4-19, 8-19, 9-19, 13-19, 17-19, 18-19, 21-19, 22-19, 24-19, 25-19, 26-19, 28-19, 29-19, 31-19, 33-19, 34-19 and 43-19.

Petitioning defendants, Buhlers and the Jupiter Corporation, presented the testimony of Ernest R. Smith by deposition taken on July 11, 1969 pursuant to this court's order entered from the petitioner's objection to the notice of taking Mr. Smith's deposition and motion to disallow the same. By stipulation of all counsel, the deposition of Ernest Smith was reviewed by the court subject to all objections raised in said deposition. The defendants also presented testimony of Dan C. Shay, geologist, and introduced into evidence a single quit-claim deed indicating a conveyance from John M. Murrel, et ux. to Sham G. Sani, as trustee, dated February 11, 1969, recorded in O.R.B. 303, page 518, public records of Collier County. Valuation date in this action was October 10, 1968.

At the conclusion of the evidence presented by petitioning defendants, Buhlers and the Jupiter Corporation, the defendant fee-owners moved for a directed verdict and to strike the deposition testimony of Ernest R. Smith. The court reserved ruling upon the motion for directed verdict pending an opportunity to review the evidence in full, including the deposition of Ernest R. Smith, subject to all objections therein made.

The defendant fee-owners assert that no part of the deposition testimony of Smith may be considered by the court because, allegedly, Mr. Smith demonstrated no qualifications as an expert to provide a legal predicate for the acceptance of his testimony.

Having fully considered all evidence presented by defendants Buhlers and Jupiter Corporation, including the deed from Murrell, et ux. to Sani, as trustee, dated February 11, 1969, having further

fully reviewed and considered all evidence which was adduced at the main trial, and being otherwise fully apprised in the premises, the following findings of fact and conclusions of law are reached —

The court has determined that it is unnecessary to pass upon the question of the competency and qualifications of Ernest R. Smith as an expert for reasons hereinafter appearing.

The court recognizes that the existence of mineral deposits or other natural resources is an element which may be considered in arriving at the market value of the property, but *it is the extent to which* these natural components *enhance the value of land,* if at all, *that is to be considered* and not their value as so many speculative cubic yards or gallons of merchandise.

In the main trial of this case four expert real estate appraisers testified directly, subject to extensive cross examination, that over fifty actual market sales of mineral rights in the general area of the subject properties within recent times reflected a fair market value of between $5 and $6 per acre for 100 per cent of the mineral rights of each acre. The extensive supportive market data presented by these expert real estate analysts has been available for examination, inspection and, if possible, refutation by the defendants Buhlers and Jupiter Corporation since approximately March of 1969. With the solitary exception of the single, quit-claim deed from Murrell, et ux. to Sani, as trustee, the defendants Buhlers and Jupiter Corporation have failed to produce any evidence of market transactions tending to indicate a value in excess of the $5 to $6 pattern which was established in the main trial.

The Sham Sani deed is considered insufficient evidence to outweigh the preponderance of testimony and supportive data previously presented before this court in the main trial by Messrs. Bennet, Bishop, Slack and Ridolf.

This court, having received with the jury the full scope of testimony and other evidence presented by the petitioner and by the defendants in the main trial respecting the market value of mineral rights, it would be a useless expenditure of the time of all concerned to require an essential duplication of said testimony and evidence. Accordingly, pursuant to the parties' agreement as embodied in order dated July 11, 1969[1] the court takes note of all

---

1. This court's order dated July 11, 1969, agreed to by petitioning defendants Buhlers and Jupiter Corporation, provided in paragraph 2 —

"The deposition of Ernest R. Smith shall be taken pursuant to Rule 1.390 of the Florida Rules of Civil Procedure and may be used at any apportionment hearing over which the undersigned judge presides and the court will consider evidence adduced at trial without requiring the repetition of the production of said evidence at the apportionment hearing."

market valuation testimony respecting mineral rights which was presented in the main trial of this cause, the same being hereby incorporated by reference.

Having included and incorporated the petitioner's and defendant fee owners' testimony by reference to its presentation in the main trial of this cause, the court concludes and rules that the motions by the defendant fee owners to strike the deposition testimony of Ernest R. Smith and for a directed verdict, be and the same are denied.

Upon the merits, in light of all aforesaid evidence, the court finds and determines that the fair market value of 100 per cent of mineral rights is $6 per acre.

Now, therefore, it is found, ordered and adjudged that — (1) The fair market value of 100 per cent of the mineral rights in and to the subject parcels is found, held and declared to be $6 per acre for 100 per cent of said mineral rights. (2) A formal order proportionately apportioning the compensation awarded by the jury among the respective mineral rights owners based upon said $6 per acre shall be entered in accordance herewith.